UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-31026
_____


CAROL MARIE MCCOY BOOTH,

                                        Plaintiff-Appellee,
                        versus

BILLY R. HARGISS and ANGELYN RIZZO HARGISS,
Co-Adminstrators of the Succession of Attorney
William A. Hargiss, Deceased,
                                        Plaintiffs-Appellees-
                                        Intervenors,

SAMUEL TIMOTHY MCGRAW, also known as Tim McGraw,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court for the
           Western District of Louisiana
                  (93-CV-741)
_____


                November 13, 1997
Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

     This appeal arises out of a dispute between country singer

Samuel Timothy McGraw ("McGraw") and his erstwhile personal manager

Carol Marie McCoy Booth ("Booth").   Booth brought suit against

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

McGraw in Louisiana state court in March 1993, alleging that McGraw

had breached his "personal manager contract" with her.  McGraw timely removed the case to federal district court in Louisiana. Eventually, the district court ordered the parties to arbitrate their dispute in Louisiana.  McGraw complains on appeal that this order was contrary to his contract with Booth, which provides that any dispute between them would be "submitted to arbitration to the American Arbitration Association in New York City . . . ."

On removal, McGraw filed a motion to stay the proceedings under Section 3 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and sought an order that the matter be arbitrated in New York City in accordance with the parties' agreement.  Based on the recommendation of a magistrate judge, the district court granted the requested stay and ordered the parties to arbitrate the matter "in the manner provided for in the arbitration agreement between the parties."

In the wake of that order, neither party initiated arbitration in New York.  Instead, the matter languished on the district court's docket for almost fourteen months.  The case was reassigned to another district judge, who held a status conference in November 1994.  Initially, the district court ordered Booth, the plaintiff, to initiate arbitration proceedings in Louisiana.  In the same order, however, the district court directed McGraw to provide

"authority . . . for the proposition that the plaintiff has the obligation of initiating arbitration."  A minute entry several days later reflects that the district court found that the authority McGraw provided was inadequate and accordingly ordered *McGraw* to initiate arbitration.

McGraw complied with the district court's order to arbitrate without any objection to the location specified in the order, and the matter proceeded to arbitration in Monroe, Louisiana.  An arbitration panel awarded Booth approximately $321,000 in damages, $125,000 in attorneys' fees, and $15,000 for the costs of arbitration.

Booth made a motion in the district court for confirmation of the arbitration award.  *See* 9 U.S.C. § 9.  Although McGraw opposed the confirmation, he did not object based on improper venue. McGraw also moved to vacate the arbitration award.  *See* 9 U.S.C. § 10. Again, he failed to raise improper venue as a basis for vacating the arbitration award.  The district court entered judgment on the arbitration award.  McGraw timely appealed.

In these circumstances, McGraw, by his inaction, forfeited the right to complain of the district court's order that the matter be arbitrated in Louisiana.[2]  After obtaining a stay of the

_____

[2]McGraw argues that Booth's attempts to settle the case along with a change in counsel before the November 1994 order to arbitrate in Louisiana insulate him against a finding of waiver. Under different circumstances, we might agree, but under the circumstances presented here, we reject his contention.

3

proceedings, McGraw failed to initiate arbitration in New York for fourteen months. Under the holding of the district court at the end of those fourteen months, the burden of initiating arbitration was on McGraw. McGraw does not challenge this holding on appeal. Moreover, when the district court finally took action to move the case in November 1994, McGraw made no objection to arbitration in Louisiana.

We recognize that McGraw had no obligation to seek interlocutory review of this order; under the FAA, 9 U.S.C. § 16(b), an interlocutory appeal normally cannot be taken from an order referring a matter to arbitration. McGraw, however, raised no objection whatsoever to venue at the time the district court ordered the arbitration to proceed in Louisiana; nor did he raise the venue issue in opposition to Booth's motion to confirm the arbitration award or in his motion to vacate it. Under these circumstances, McGraw will not be heard to complain about the venue for the arbitration and is bound by the arbitration award.

AFFIRMED.

4